## MOSES McDONALD *vs.* WILLIAM BAILEY.

The rule of the S. J. Court and C. C. Pleas, which does not permit the counsel for the defendant, in actions on promissory notes, orders, or bills of exchange, to deny the genuineness of his client's signature, unless thereto specially instructed, is one which the Courts, severally, have power to make, and applies to those attested by a witness, as well as to others.

A blank indorsement by the payee of a negotiable note, transfers the title to a *bona fide* holder, and it thereupon passes by delivery, the same as if the note had been made payable to bearer.

The filling up of a blank indorsement is a formality wholly unnecessary.

In an action by the *indorsee* against the *maker* of a promissory note, the words " eventually accountable," immediately preceding the name of the indorser, do not restrict or qualify the transfer, and need not be noticed in the declaration.

EXCEPTIONS from the Court of Common Pleas.

The action was *assumpsit* on a promissory note made by the defendant, payable to one *Edward A. Emerson,* witnessed by one *S. A. Bailey,* and indorsed one month and twenty-two days after it became payable thus, by said *Emerson*: " eventually accountable —*Edward A. Emerson.*" No other words were added to the indorsement at the trial. The plaintiff offered to read the note in evidence to the jury in support of his declaration, to which the defendant's attorney objected, " and called on the plaintiff to produce the subscribing witness, stating that he was specially instructed so to do by the defendant; but the defendant's attorney further stated, that he was not otherwise instructed to deny the defendant's signature, and that he had notified the plaintiff's attorney a few days before the trial." " Being required to state, if he was instructed to deny the signature, he declined so to state," and *Perham J.,* before whom the trial was, overruled the objection, and permitted the note to be read to the jury without the introduction of the subscribing witness, or accounting for his absence. The counsel for the defendant also objected to the reading of the note, because it did not appear by it, that it was legally indorsed to the plaintiff. The Judge also overruled this objection, it being proved, that the signatures of the maker and indorser were genuine. The verdict was for the plaintiff, and the defendant filed exceptions.

*J. Appleton* and *Garnsey*, for the defendant, contended:

1. That the instruction to call for the subscribing witness to the note, and the notice to the plaintiff's attorney, were a substantial, if not literal, compliance with the rule of Court; and that if not, and it was intended to apply to witnessed notes, that no rule of Court could change the settled law requiring the subscribing witness to be produced; and cited 1 *Stark. Ev.* 330; 1 *Stark. R.* 53; 2 *Stark. R.* 108.

2. It is a settled rule of law, that the note and indorsement must be truly described in the declaration, and that the indorsement must be filled up before or at the trial.    4 *Pick.* 422; 4 *Camp. R.* 176; 3 *T. R.* 645.

*J. McDonald*, for the plaintiff, argued:

The exception, that the subscribing witness was not called, is but a captious objection.    *Douglass*, 216; 1 *Greenl.* 61, *note*.

The defendant's attorney refused to bring himself within the rule of the Court of Common Pleas on this subject, which rule is precisely like rule 33 of this Court.    1 *Greenl.* 421.    The Court of Common Pleas are authorized to make rules to govern their proceedings.    *St.* 1822, *c.* 193, § 8.    And rules so made are binding upon the Court, and upon the parties.    3 *Pick.* 516; 1 *Stark. on Ev.* 365.

The production of the note by the plaintiff, indorsed by the defendant, is sufficient *prima facie* evidence of property in him; and constitutes a promise by the defendant to pay whoever shall produce it.    And it is sufficient to declare according to its legal effect. The words " eventually liable " do not in the least alter the legal effect, as it respects the defendant, and need not be noticed in the declaration.    13 *Mass. R.* 158; 3 *Kent's Com.* 90; *Chitty on Bills*, 173; 5 *East*, 476; 19 *Martin*, 253.    A note indorsed in blank is precisely like a note payable to bearer.    *Doug.* 633; 2 *Stark. Ev.* 250; 7 *Greenl.* 28; 3 *Greenl.* 76.

It has been the common practice in our Courts, to give judgment without any thing more than a blank indorsement; and this practice has been sanctioned by the Court.    8 *Greenl.* 353; 2 *Greenl.* 263.

McDonald *v.* Bailey.

The opinion of the Court, after a continuance for advisement, was drawn up by

WESTON C. J. — The rule of the Common Pleas, which corresponds also with a rule of this Court, which does not permit the counsel for the defendant, in actions on promissory notes, orders or bills of exchange, to deny the genuineness of his client's signature, unless thereto specially instructed, is very convenient in practice. It prevents delay; and saves unnecessary expense. A rule to this effect has long been enforced in our Courts; and it is clearly one of those, which the Common Pleas has the power to make, to conduct and expedite its business. It is intended to relieve the plaintiff from the necessity of being prepared with a witness or witnesses, to prove the signature to instruments, of the description before referred to, unless specially denied. We are aware of no reason why the rule should not be applied to such as have a subscribing witness. If he knows other facts, which may furnish ground of defence, the defendant has it in his power to procure his attendance. As the signature was not denied, we are of opinion, that the proof of the execution of the instrument, was properly dispensed with, under the rule.

It has been repeatedly adjudged, that a blank indorsement, by the payee of a negotiable note, transfers the title to a *bona fide* holder; and that it thereupon passes by delivery, as much as if payable to bearer. The cases cited for the plaintiff, fully warrant this position. The course of proceeding formerly was, to fill up the indorsement at the trial; but this may well be regarded as an unnecessary formality; and it has accordingly been dispensed with in modern practice.

The effect of an indorsement in blank, is, to transfer the note, and to impose a conditional liability upon the indorser. As against the maker, the plaintiff may set forth the transfer by indorsement, according to its legal effect, of which the name of the payee, upon the back of the note, will be competent evidence. In the note under consideration, the name of the payee was preceded by the words, " eventually accountable." The effect of this was, to hold himself liable as indorser, waiving demand and notice. This was a circumstance which did not restrict or qualify the transfer of the

note, and there was no occasion to notice it, in declaring against the maker.

The exceptions are overruled; and judgment is to be entered on the verdict.